43 N.J. Super. 119 (1956)
127 A.2d 911
OLIN MATHIESON CHEMICAL CORPORATION, A CORPORATION OF THE STATE OF VIRGINIA, PLAINTIFF,
v.
MAURICE DONNELLY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 11, 1956.
*120 Mr. Joseph Narrow, attorney for plaintiff.
Mr. W.T. Hilliard, 3rd, attorney for defendant.
HANEMAN, J.S.C.
This is a motion for summary judgment by the plaintiff. All of the facts in connection herewith are admitted. The facts disclose that the plaintiff is engaged in the business of manufacturing fire arms and loaded ammunition, which it sells and distributes throughout the entire United States under its trade-mark brand or name.
The defendant operates a store in Salem, New Jersey, in which he has been engaged in selling at retail plaintiff's branded commodities below the fair trade price established by the plaintiff.
On March 30, 1956 defendant had written notice that plaintiff's commodities were fair-traded in New Jersey and at that time he received plaintiff's fair trade price list. In spite thereof, defendant has continued to sell plaintiff's commodities below the fair trade prices fixed by the plaintiff.
The sole question remaining to be decided is defendant's contention that since he purchased various articles of plaintiff's branded merchandise at closing-out sales, bankruptcy sales and auction sales, that as a consequence he may sell the same at a price below the fair trade price established by the plaintiff. In that connection he relies upon N.J.S.A. 56:4-5(2) (a) (b) (c), which reads as follows:
"(2) Such provisions in any contract shall be deemed to contain or imply conditions that such commodities may be resold without reference to such agreement in the following cases:
(a) In closing out the owner's stock for the purpose of discontinuing delivering any such commodity;
*121 (b) When the goods are damaged or deteriorated in quality, and notice is given the public thereof;
(c) By an officer acting under orders of any court."
It is admitted that the defendant is engaged in neither a sale closing out his stock for the purpose of discontinuing delivery of the commodity here involved, nor that the goods are damaged or deteriorated in quality, nor that the sale is by an officer acting under the orders of any court. He suggests, however, that in the light of the fact that the articles purchased by him at a price below the established fair trade price were legally so acquired under sales consummated under one or more of the above referred to exceptions; that the statute, by implication, permits the re-sale at a price below the established fair trade price.
Having in mind the professed legislative policy of protection of the producer's property in his trade-mark, it would appear that the defendant's contention is without merit. There would seem to be no reason or necessity for permitting the defendant to profit by the good will built up by the owner or producer by a sale below the established fair trade price, even though he had acquired the merchandise here involved by means of one of the methods set forth in the above statute. To permit such retail sales as here sought by the defendant would open the door to circumvention of the legislative policy.
It is therefore here held that defendant's contention is without merit, and judgment for the plaintiff will therefore be entered.